**William McCARTHY**

v.

**SILVER LINE, LTD. and Silver Bulk Shipping, Ltd.**

**Silver Bulk Shipping, Ltd., Appellant.**

No. 80–1641.

United States Court of Appeals, Third Circuit.

Argued Dec. 5, 1980.

Decided Oct. 20, 1981.

Robert B. White, Jr., Rawle & Henderson, Philadelphia, Pa., for appellant.

Charles Sovel, Freedman & Lorry, P. C., Philadelphia, Pa., for appellee.

Before ADAMS, GARTH and SLOVITER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

William McCarthy was injured while unloading a vessel owned by Silver Bulk Shipping, Ltd. The vessel was a bulk sugar carrier, and while McCarthy, a longshoreman, was helping to unload it he was hit on the head by a frozen piece of caked sugar. McCarthy sued the shipowner under section 18(a) of the Longshoremen and Harbor Workers Compensation Act of 1972, 33 U.S.C. § 905(b) (1976).

After a jury verdict in favor of McCarthy, judgment was entered for him. The trial court subsequently denied a motion for judgment n. o. v. Silver Bulk Shipping appealed, and the judgment of the district court was affirmed by a judgment order on December 12, 1980. 639 F.2d 775. Thereafter, Silver Bulk Shipping filed a petition for certiorari with the United States Supreme Court. The Supreme Court vacated the judgment of this Court and remanded for further consideration in light of *Scindia Steam Navigation Com. v. De Los Santos*, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981).

At the time we originally entered judgment in this case, *Griffith v. Wheeling-Pittsburgh Steel Corp.*, 610 F.2d 116 (3d Cir. 1979), which related to the legal issues presented herein, was the law of this Circuit. *Griffith* was also vacated and remanded to this Court by the Supreme Court for further consideration in light of *Scindia.* After reconsideration, this Court concluded that our holding in *Griffith* was unaffected by *Scindia* and reinstated *Griffith's* prior judgment. *Griffith v. Wheeling-Pittsburgh Steel Corp.*, 657 F.2d 25 (3d Cir. 1981).

In the *Griffith* opinion that was issued after the remand from the Supreme Court, we held that liability could be imposed upon a shipowner, *inter alia*, upon a showing that the vessel knew or should have known that the condition which caused the injury in question would pose an unreasonable risk of harm to longshoremen working on board ship. *Id.*, slip op. at 6. In the case at bar, the jury found that the dangerous condition caused by the negligence of the shipowner was known to the shipowner and could not have been remedied by a reasonable stevedore. Therefore, the situation in this case is analogous to that presented by *Griffith.*

After full consideration of the briefs in the case at hand, and after reconsideration of the issues presented here in light of the Supreme Court's opinion in *Scindia* and this Court's opinion on remand in *Griffith*, we now reaffirm our original judgment entered on December 12, 1980, and affirm the judgment of the district court entered on March 19, 1980.