**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10453

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE ROBINSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

March 8, 1996

Before REYNALDO G. GARZA, WIENER AND STEWART, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Appellant Clarence Robinson ("Robinson") claims that the district court erred in denying his "Motion for the Return of U.S. Currency" because the United States failed to prove that it complied with the statutory notice provisions of 19 U.S.C. § 1607 in a prior administrative forfeiture action. Because we hold that the evidence filed by the United States failed to prove that the statutory notice provisions were fulfilled, we REVERSE and REMAND for further proceedings in accordance with this opinion.

FACTS

Clarence Robinson ("Robinson") was arrested for possession with intent to distribute cocaine base. At the time he was arrested, he had $3,586 on his person. This money was seized from him at the time he was arrested. He later pleaded guilty to possession with intent to distribute cocaine base.

Before Robinson pleaded guilty, while he was in the Lubbock County jail, the Drug Enforcement Agency ("DEA") instituted a civil forfeiture proceeding against the $3,586. On February 14, 1994, the government sent a Notice of Seizure by certified mail to Robinson at the Lubbock County Jail. The return receipt for the notice was signed by Ray Cox, a Lubbock County employee. Robinson claims that he never received the Notice of Seizure.

Another Notice of Seizure was sent to Robinson's last known address on February 14, 1994. This notice was returned unclaimed, which is not surprising because Robinson was incarcerated and therefore was not home. Robinson never received this notice either.

At the time that the DEA instituted the civil forfeiture proceedings, Robinson was represented by an attorney in the criminal case arising out of his arrest. The DEA neither sent the Notice of Seizure to Robinson's attorney nor informed the attorney of the forfeiture proceedings.

The DEA had notice of the seizure and the DEA's intent to forfeit published in the USA TODAY newspaper on February 23, 1994. The parties dispute whether the notice was published again. Robinson claims that it was not, and the government claims that it was published twice more during the next two weeks.

On April 1, 1994, the DEA entered a final Declaration of Forfeiture, forfeiting the $3,586. Robinson claims that he never received notice of the pending forfeiture action before the DEA

entered this declaration.

On March 27, 1995, Robinson filed a Motion for the Return of U.S. Currency, praying that the $3,586 be returned to him because the DEA did not give him proper notice of the forfeiture proceedings. The government filed its response to his motion on May 9, 1995. In that response, the government presented the return receipts of the notices sent to Robinson's home and to the Lubbock County Jail, as well as a copy of the notice published in the USA TODAY on February 23, 1994. The government's response stated that the February 23 published notice was the "first published notice," and that "notice of seizure had been published in accordance with 19 U.S.C. § 1607." The district court denied Robinson's motion on May 9, 1994, the same day on which the government filed its response to the motion.

## II.

### STANDARD OF REVIEW

Robinson made his Motion for the Return of U.S. Currency pursuant to Fed. R. Crim. P. 41(e). Actually, he should have filed a civil action seeking to recover the money. *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995). However, his *pro se* pleading must be treated liberally as seeking the proper remedy. *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). Thus, this Court will treat his motion as a civil complaint, and the district court's denial of that motion as a summary judgment.

This Court reviews a grant of summary judgment *de novo*. *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 501-02 (5th Cir. 1994). Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Randolph v. Laeisz*, 896 F.2d 964, 969 (5th Cir. 1990). In reviewing the summary

judgment, we apply the same standard of review as did the district court. *Id.* We must review the facts drawing all inferences most favorable to the party opposing the motion. *Id.* Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Id.* Further, conclusory statements—that is, statements that are merely conclusions of law or ultimate facts—are insufficient to support summary judgment. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

## III.

### DID THE GOVERNMENT ESTABLISH THAT THE DEA COMPLIED WITH THE STATUTORY NOTICE PROVISIONS?

19 U.S.C. § 1607 ("Section 1607") requires the government to provide notice before forfeiting property valued at less than $500,000. Specifically, the government must (1) "cause a notice of the seizure of [the property] and the intention to forfeit . . . the same . . . to be published for at least three successive weeks [in a newspaper of general circulation];" and (2) send "[w]ritten notice of seizure, together with information on the applicable procedures . . . to each party who appears to have an interest in the seized [property]."

The government failed to establish the fact that it published notice of the seizure in a newspaper of general circulation for three successive weeks. The government only presented evidence of one publication, which it claimed was the "first publication." The only evidence that it published the notice during the next two weeks was the government's conclusionary statement that "notice of

4

seizure had been published in accordance with 19 U.S.C. § 1607." Such a conclusionary statement cannot support a summary judgment.

Because the government failed to prove that it published notice of seizure in a newspaper for three successive weeks, the district court erred in denying Robinson's Motion for the Return of U.S. Currency. Consequently, we REVERSE the district court's denial of Robinson's motion, and REMAND this case for further proceedings to determine whether Robinson received proper notice of forfeiture.[1]

---

[1]Robinson also claimed that "minimum due process standards" required that notice either be received by him personally or sent to his attorney. The district court should consider this claim on remand. As § 1607 is written in the conjunctive, requiring the government both to publish notice and to send written notice to the parties, the district court should examine the government's actions in not sending notice to known counsel of record for Robinson, and in sending Robinson's notice to (1) his home address, when the government knew he was in jail, and (2) the jail, where the likelihood of his receiving it was anything but certain. *See* United States v. Woodall, 12 F.3d 791 (8th Cir. 1993).