**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40864
Summary Calendar
_____


MANUEL GARCIA

                              Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA C 95 360)
_____
April 12, 1996


Before KING, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Manuel Garcia, a federal prisoner, appeals the dismissal of his *pro se, in forma pauperis* ("IFP") lawsuit as frivolous. We affirm.


I.

Garcia filed a motion for return of property pursuant to FED. R. CRIM. P. 41(e), alleging that the government illegally seized

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$62,827 from him nine years earlier.  Drug Enforcement Administration agents found the money while conducting a search of Garcia's vehicle, seized the currency, and told Garcia that they would notify him within twenty days of their intended disposition of the property.

Garcia claims that the agents lacked probable cause for the search and seizure.  He also alleged in his initial motion that he never received any notice from the agency; that motion also states, however, that the government filed a notice of intent three years after the seizure.  The government alleges that it sent Garcia two separate written notices by certified mail and proceeded with an administrative forfeiture after Garcia did not respond.

Garcia clarified his position in a "traverse" to the government's response, explaining that he does *not* allege that the government had completely failed to notify him; instead, he claims that the notice was inadequate and untimely.  The district court found that Garcia's suit is barred by limitations and dismissed it as frivolous pursuant to 28 U.S.C. § 1915(d) (1994).

## II.

As a threshold matter, the government argued in the district court that Garcia's motion should be dismissed for want of jurisdiction because FED. R. CRIM. P. 41(e) does not confer jurisdiction over civil forfeiture cases.  While the government is correct that Garcia should have brought a civil action rather than a rule 41(e) motion, we construe his *pro se* pleading liberally and treat

2

it as a proper civil complaint.  *See United States v. Robinson*, No. 95-10453, 1996 WL 101748, at *2 (5th Cir. Mar. 8, 1996).

We review § 1915(d) dismissals for abuse of discretion.  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).  A district court may dismiss an IFP claim "if satisfied that the action is frivolous or malicious."  28 U.S.C. § 1915(d).

The district court noted that state statutes of limitations apply to federal constitutional claims and applied Texas's two-year limitations period for conversion.  The court found that Garcia's suit was untimely because it came nine years after the seizure and seven years after the forfeiture proceeding.

Garcia concedes that the district court's choice of the Texas limitations period was correct,[1] but argues that the district court should have applied the federal discovery rule to determine when his causes of action accrued.  "Although the Texas limitations period applies, federal law governs when a § 1983 claim accrues, and '[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"  *Moore*, 30 F.3d at 620-21 (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)).  "The statute of limitations . . . begins to run when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted

---

[1] While we accord *pro se* litigants a liberal reading of their arguments, we accept their concessions and consider only issues raised on appeal.  *See United States v. Pierce*, 959 F.2d 1297, 1300 n.5 (5th Cir.), *cert. denied*, 506 U.S. 1007 (1992).  As Garcia concedes that the Texas limitations period applies, and Garcia did not file this action within that period, we need not address the government's suggestion to the district court that the six-year limitations period of 28 U.S.C. § 2401(a) (1994) also bars this action.

the injury.'" *Id.* at 621 (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)).

We construe Garcia's district court pleadings to state two claims: a Fourth Amendment illegal seizure claim based upon the actual seizure and a Fifth Amendment due process claim based upon the government's two-year delay in mailing Garcia a notice of intent. The first is certainly untimely. As Garcia was present when the seizure occurred, he was necessarily aware of the "critical facts" underlying his Fourth Amendment allegation at the time of the seizure. *See id.* (finding that an illegal seizure claim accrued on the day of the seizure).

Turning to Garcia's second claim, we agree that if the government's notice was excessively tardy, Garcia suffered a cognizable injury during the interval between seizure and notice.[2] Garcia was obviously aware of that deprivation at the time it occurred, however. By waiting almost nine years before asking for his property back, Garcia lost the right to bring either of these claims.[3]

---

[2] Garcia alleges that the notice violated 21 U.S.C. § 888(b) (1994) because it did not come "[a]t the earliest practicable opportunity." This argument fails because by its express terms, § 888(b) applies only to conveyances, not currency. Because Garcia appears *pro se*, however, we liberally construe his argument as a more general attack on the delay. *Cf. United States v. Park*, 947 F.2d 130, 136 (5th Cir. 1991), *vacated in part*, 951 F.2d 634 (5th Cir. 1992) (discussing due process limits on delay in bringing an enforcement proceeding).

[3] We doubt that either claim is colorable, as our review of an administrative forfeiture is generally limited to ensuring that the agency employed proper procedural safeguards. *See Scarabin v. Drug Enforcement Admin.*, 919 F.2d 337, 338 (5th Cir. 1990). While Garcia's timeliness claim is procedural in nature, any delay occurred before the forfeiture proceeding and could have been contested at the agency level. We do not address that question, however, because the district court correctly found that both claims are plainly time-barred.

Finally, we construe Garcia's appeal brief to assert a third claim, that the government denied him due process by not providing notice reasonably calculated to inform him of the forfeiture proceeding. This claim differs from the one discussed above, because it contends that the government never attempted proper notice of the forfeiture proceeding, not that it delayed in doing so. As Garcia alleges that he did not receive actual notice of the proceeding until shortly before he filed suit, this due process claim might not be time-barred. It is also colorable, as we have recently intimated that due process might be violated when the government mails notice to a prisoner's home. *See Robinson*, 1996 WL 101748, at *2 n.1.

The district court's failure to consider this claim was not an abuse of discretion, however, as Garcia did not present the claim to that court. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (declining to consider an issue raised for first time on appeal by an IFP plaintiff). While Garcia's initial motion could be construed as asserting a claim based upon lack of notice, Garcia emphasized in his "traverse" to the district court that he was contesting the eighteen-month *delay* in providing notice, not a complete lack of notice.[4] We cannot say that it was an abuse of discretion to accept Garcia's characterization of his own motion.

The judgment of dismissal is AFFIRMED.

---

[4] Garcia's decision to characterize his claim in this way was a sensible one, as the government had produced an affidavit that, at least on its face, appeared to show that the government had satisfied the notice requirements of 19 U.S.C. § 1607(a) (1994).

5