IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50020
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JUAN MANUEL MARTINEZ-GAMBOA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-88-CR-230-H
--------------------
June 15, 2000

Before KING, Chief Judge, and SMITH and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

Juan Manuel Martinez-Gamboa (Martinez) appeals the district
court's denial of his "Motion to Issue Mandamus to Return
Property Pursuant to Rule 41(e) and 1331."  He seeks the return
of $311,720 seized during the arrest of three codefendants for
charges relating to the distribution and sale of marijuana in the
United States.  The three codefendants were driving to El Paso,
Texas, in a motor home when they were stopped by federal and
state authorities; a search of the motor home revealed marijuana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

residue and the $311,720.

As Martinez's criminal proceedings have ended, we treat his motion for return of property as a civil complaint. <u>United States v. Robinson</u>, 78 F.3d 172, 174 (5th Cir. 1996).

Although not addressed by the district court, we conclude that Martinez lacked standing to seek the return of the $311,720.

The record does not support Martinez's allegation of a lawful ownership interest in the $311,720. Martinez alleges an ownership of the $311,720 by pointing to the presentencing report's statements that he was a leader or organizer of a conspiracy to bring marijuana into the United States and that he was seen by FBI agents loading marijuana into the motor home from which the money was eventually seized.

No property right exists in moneys furnished or intended to be furnished by any person in exchange for a controlled substance, <u>see</u> 21 U.S.C. § 881(a)(6), and Martinez has offered no other explanation for his alleged ownership of the $311,720. Neither can he claim that he had possession of the money as a bailee. First, Martinez cannot have been a bailee of the money because he did not have possession of the money. Even if Martinez had been present when the money was seized, he could not prove that the forfeited property was subject to a *lawful* bailment. <u>United States v. $321,470,874</u>, 661 F.2d 298, 304 (5th Cir. 1989).

The district court's denial of Martinez's motion for return of property is AFFIRMED.