# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

––––––––––––

m 99-21007

––––––––––––

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FRANCISCO ALBERTO MOLINA-ESCOBAR,

Defendant-Appellant.

––––––––––––––––––

Appeal from the United States District Court
for the Southern District of Texas
(H-91-CR-151-2)

––––––––––––––––––

August 14, 2000

Before SMITH and DENNIS, Circuit Judges, and HARMON, District Judge.[*]

PER CURIAM:[**]

Francisco Molina-Escobar ("Molina") appeals the denial of a request for return of currency." Construing his *pro se* petition as a FED. R. CIV. P. 60(b) motion, and finding no error, we affirm.

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be (continued...)

[**](...continued)
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

At Molina's arrest for conspiracy to possess with intent to distribute cocaine, the government seized $19,001. Molina pleaded guilty, and the court entered a judgment of conviction in April 1992. In 1994, Molina filed a "Motion for Return of Seized Property," purportedly pursuant to FED. R. CRIM. P. 41(e). The court denied the motion, finding that the money had been administratively forfeited following notice to Molina and his attorney.

In June 1999, Molina filed a "Petition for Return of U.S. Currency" on the ground that the government had failed to give him notice of the forfeiture. Because the court had previously decided this issue, it denied the petition, holding that the proper means for contesting the denial would have been by an appeal.

## II.

Once a criminal proceeding has ended, rule 41(e) is not the appropriate vehicle to obtain allegedly improperly forfeited property. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996). Because, however, *pro se* pleadings are liberally construed as seeking the proper remedy, Molina's original motion is treated as a civil complaint, and the denial of that motion as a summary judgment. *See id*. Although it is not evident under what authority Molina brings the current petition, we once again construe his *pro se* pleadings as seeking the proper remedy, namely a FED. R. CIV. P. 60(b) motion for relief from judgment.

Depending on the asserted ground for relief, a rule 60(b) motion must either be made within a "reasonable time," which may or may not be bounded by one year, or can be brought without a time limitation. See rule 60(b). The limitation is inapplicable only when the movant asserts that the judgment is void under rule 60(b)(4), which occurs only if the rendering court lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 142-43 (5th Cir. 1996). Although Molina does not contest jurisdiction, we note that district courts have jurisdiction over collateral attacks on administrative forfeitures. *See United States v. Arreola-Ramos*, 60 F.3d 188, 191 (5th Cir. 1995).[1] Molina does not claim that the court denied him due process.

Not only does Molina fail to demonstrate that the summary judgment was error, but his rule 60(b) request that the court reconsider the lack-of-notice argument was not filed within a reasonable time SS no reason justifies a lapse of five years before reasserting identical arguments.[2]

AFFIRMED.

---

[1] Although there is disagreement over the basis for this jurisdiction, the federal circuits agree that it exists: "[T]he federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements." *United States v. Woodall*, 12 F.3d 791, 793 (8th Cir. 1993).

[2] *See Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976) ("'What constitutes reasonable time must of necessity depend upon the facts in each individual case.' The courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and they consider whether the moving party had some good reason for his failure to take appropriate action sooner.") (quoting 11 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2866, at 228-29 (2d ed. 1995)).