IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10061
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY MORENO MARQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:97-CR-81-18-C
--------------------
October 17, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Larry Moreno Marquez, Texas prisoner #845763, appeals the denial of his "Motion for Expedition" seeking a transfer from state prison to federal prison to serve his concurrent sentences for conspiracy and possession of controlled substances with the intent to distribute. Because Marquez seeks to challenge the execution of his sentence, the proper procedural vehicle for his claim is a petition pursuant to 28 U.S.C. § 2241. United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994). Because *pro se* pleadings must be liberally construed as seeking the proper remedy,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court will treat Marquez's motion as one coming under § 2241. See United States v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996).

Marquez argues that he should be transferred because he will not receive credit for his federal sentence until he is in federal custody. However, a district court is not authorized to compute service credit under § 3585; credit awards are to be made by the Attorney General, through the Bureau of Prisons. United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992). Prior to seeking judicial review of credits under § 3585(b), prisoners are required to exhaust their administrative remedies. See id. There is no indication in the record that Marquez has requested that the Bureau of Prisons credit his federal sentence for the time he is serving in the state facility. Accordingly, we MODIFY the district court's judgment to reflect the denial as without prejudice for failure to exhaust administrative remedies, see McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995), and AFFIRM the judgment as modified.

MODIFY JUDGMENT; AFFIRM AS MODIFIED.