IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30496
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

HERMAN STEVENSON, III,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CR-377-3)
--------------------
January 28, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Herman Stevenson, III, appeals the district court's denial of his motion for the return of property forfeited in conjunction with his criminal drug and weapons convictions. He contends that the district court erred in denying the return of his pistol, which was administratively forfeited by the DEA, arguing that the DEA had failed to comply with the procedural notice requirements. Because Stevenson received actual notice of the seizure and proposed forfeiture of the weapon before

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the time had run for him to make an administrative claim, he received sufficient process. See In re Sam, 894 F.2d 778, 782 (5th Cir. 1990); cf. United States v. Robinson, 78 F.3d 172, 174-75 (5th Cir. 1996).

Stevenson also contends that he is entitled to the return of money seized from him at the time of his arrest. Unfortunately for him, he knowingly waived his right to challenge the forfeiture at trial. See United States v. Dodson, 288 F.3d 153, 160 (5th Cir.), cert. denied, 123 S. Ct. 32 (2002). We cannot review Stevenson's assertion, made for the first time on appeal, that he stipulated to the forfeiture based on the ineffective assistance of counsel because his contention does not present a purely legal question. See Diaz v. Collins, 114 F.3d 69, 71 n.5 (5th Cir. 1997). Stevenson's claim that he is entitled to the full value of the real estate and vehicle listed in the superseding indictment as forfeitable property is without merit, as those items were not in fact seized by the government.

Stevenson also maintains that forfeiture of his property constituted "punishment" for double jeopardy purposes. He is mistaken, as neither criminal nor civil forfeitures can form the basis of a double jeopardy claim. See United States v. Ursery, 518 U.S. 267, 288 (1996); United States v. Garcia Abrego, 141 F.3d 142, 173-74 (5th Cir. 1998).

Stevenson next insists that the trial court exhibited bias against him through adverse judicial rulings. Such rulings are

insufficient to support his allegation.  See Liteky v. United States, 510 U.S. 540, 555 (1994).

Finally, Stevenson attempts to challenge the district court's denial of relief on his previously-filed 28 U.S.C. § 2255 motion. We have already denied Stevenson a certificate of appealability on that motion; he cannot reurge these claims for relief before this court.

In conclusion, we hold that Stevenson has not established that the district court erred in denying relief on his motion for the return of forfeited property.  See Robinson, 78 F.3d at 174. Consequently, the judgment of the district court is AFFIRMED.

S:\OPINIONS\UNPUB\02\02-30496.0.wpd
4/29/04  9:40 am