United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60998
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES W. GAVIN, also known as Charlie,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:98-CR-58-1
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Charles W. Gavin, federal prisoner # 10867-042, appeals the
district court's denial of his FED. R. CRIM. P. 41(g) motion for
return of $19,395 in United States currency civilly forfeited
pursuant to 21 U.S.C. § 881. The district court denied Gavin's
FED. R. CRIM. P. 41(g) motion. Because the criminal proceeding
against him had already concluded when he brought this action,
we treat his FED. R. CRIM. P. 41(g) motion as a civil action under
28 U.S.C. § 1331, seeking the return of property, and treat the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's denial of that motion as a grant of summary judgment in favor of the Government.[1]  We review the grant of summary judgment *de novo*.[2]

Gavin argues, pursuant to United States v. James Daniel Good Real Property,[3] that he was denied the predeprivation safeguards of notice and a hearing in violation of his due process rights. Good is inapposite, however, because it dealt only with the seizure of real property.[4]  The district court's holding that Gavin was not entitled to predeprivation notice and a hearing under due process is therefore AFFIRMED.

Gavin additionally argues that the Government did not adduce adequate proof that it complied with the notice requirements set forth in 19 U.S.C. § 1607(a).[5]  Indeed, the Government's Declaration of Administrative Forfeiture only conclusionally alleged, without supporting documentation, that notice was sent "to all known parties, by certified mail, who may have [had] a legal or possessory interest in the property" and that notice "was published once a week for three successive weeks in the

---

[1]See Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000).

[2]Horton v. City of Houston, 179 F.3d 188, 191 (5th Cir. 1999).

[3] 510 U.S. 43 (1993); cf. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 679 (1974).

[4] *Horton*, 510 U.S. at 53.

[5] The Government argues that Gavin waived this issue by not arguing under § 1607 below.  However, Gavin did argue lack of notice for civil forfeiture, and given our liberal construction of pro se complaints, we think that the issue should be addressed.

[NEW YORK TIMES] in accordance with 19 U.S.C. § 1607," and it therefore cannot support summary judgment.[6]

Therefore, the grant of summary judgment to the Government is REVERSED and the case is REMANDED for further proceedings to determine whether Gavin received proper notice of forfeiture under 19 U.S.C. § 1607(a).

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

---

[6]See United States v. Robinson, 78 F.3d 172, 175 (5th Cir. 1996).