United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-51393
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**PATRICK ALEXANDER JONES,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Texas
(6:02-CR-193-1)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Patrick Alexander Jones, federal prisoner number 60763-080, requests authorization to proceed in forma pauperis (IFP) in the instant appeal, which was filed to challenge the district court's denial of his FED. R. CRIM. P. 41 motion for return of property. The district court denied Jones's motion for leave to proceed IFP on appeal and certified that the appeal was not taken in good faith. Jones challenges the district court's certification decision pursuant to **Baugh v. Taylor**, 117 F.3d 197, 202 (5th Cir. 1997), and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requests that this court grant him authorization to proceed IFP on appeal.

Jones argues that state officials acted improperly by seizing his property, that his state forfeiture proceedings were unfair, and that the district court's denial of his IFP motion infringes his right of access to courts. Jones further contends that the district court erred by not holding an evidentiary hearing and by granting the Government's requests for additional time to file pleadings.

Jones has not shown that the district court erred by denying his Rule 41(g) motion, which is properly construed as a civil complaint. *See **Pena v. United States***, 122 F.3d 3, 4 (5th Cir. 1997); ***United States v. Robinson***, 78 F.3d 172, 174 (5th Cir. 1996). Jones is not entitled to the return of his property pursuant to the instant federal proceedings because he has not identified the proper party in his suit. The searches, seizures, and forfeitures of which Jones complains were performed by state officials, yet Jones has sued only the federal government. Further, Jones has not shown that federal officials were involved in the actions that led to the seizure and forfeiture of the disputed property.

Jones's allegation that his right of access to court was violated by the denial of his IFP motion lacks merit. *See **Brewer v. Wilkinson***, 3 F.3d 816, 821 (5th Cir. 1993). Jones has failed to show that the district court abused its discretion by not holding

an evidentiary hearing and by granting the Government additional time to file pleadings.  *See* **Geiserman v. MacDonald**, 893 F.2d 787, 790-91 (5th Cir. 1990); **Dickens v. Lewis**, 750 F.2d 1251, 1255 (5th Cir. 1984).

Jones has not established that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." **Howard v. King**, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Accordingly, his motion for authorization to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous.  *See* **Baugh**, 117 F.3d at 202 & n.24.

The dismissal of Jones's appeal as frivolous by this court counts as a strike under 28 U.S.C. § 1915(g).  *See* **Adepegba v. Hammons**, 103 F.3d 383, 387-88 (5th Cir. 1996).  Jones is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

**MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.**