OWEN, Circuit Judge,
dissenting.
The Government had the burden of proving that it “provide[d] direct written notice” of forfeiture proceedings pursuant to 21 U.S.C. § 853(n)(1). The majority concludes that notice to legal counsel representing an individual in criminal proceedings may be imputed to that individual and then imputed to a corporation because the individual serves as president and registered agent of that corporation. Because I cannot agree that imputed notice that is then imputed to another entity constitutes “direct written notice,” I respectfully dissent.
Community Housing Fund (CHF) is a non-profit corporation formed by Barbara Hildenbrand and was a victim of criminal activities conducted by Hildenbrand and her co-defendant Gerald Stone. Hildenbrand has been convicted of violating 18 U.S.C. § 1012 in connection with the wrongful receipt or use of funds from the Department of Housing and Urban Development. Stone pled guilty to a conspiracy to violate 18 U.S.C. §§ 666 and 7201 and agreed to the forfeiture of the assets at issue in the present case, which are a yacht and a condominium in Florida. CHF asserts an interest in these assets.
It is undisputed that CHF filed a request for a hearing regarding the forfeiture of this property within thirty days after the final notice by publication of the forfeiture proceedings.[1] The only question *339 is whether CHF was provided “direct written notice” prior to the notice by publication.[2] If CHF was provided with direct notice, its request for a hearing was untimely. Otherwise, its request was timely, and the district erred in dismissing its request for a hearing. The Government does not contend that either CHF or Hildenbrand received actual notice of the forfeiture proceedings before the final notice by publication. The Government relies entirely on imputed and re-imputed notice.
The statute at issue, 21 U.S.C. § 853(n)(1), provides:
Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.
The Government’s position is that notice to Hildenbrand’s counsel in the criminal prosecution of Hildenbrand and Stone was “direct written notice” to CHF because Hildenbrand was CHF’s president and registered agent for service of process. This notice to counsel was two-fold: a computer-generated notice on the district clerk’s website as part of an electronic case-filing system and an e-mail sent to all counsel for the criminal defendants in the criminal prosecution.
Although there is little authority construing 21 U.S.C. § 853(n)(1), decisions applying 19 U.S.C. § 1607(a) provide guidance.[3] The Government must affirmatively establish that CHF had direct written notice of the forfeiture.[4]
CHF also contends that due process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of an action and afford them the opportunity to present their objections. In applying statutory notice provisions that are similar to 21 U.S.C. § 853(n)(1), this court has held that the requirements set forth by the Supreme Court in Mullane v. Central Hanover Bank & Trust Co.[5] are implicated, and therefore, “[ajlthough the Government is not required to undertake ‘heroic efforts,’ it must fulfill Mullane’s command that the effort be ‘reasonably calculated’ to provide notice.”[6] “The means employed must be such as one desirous of actually informing the absentee *340 might reasonably adopt to accomplish it.”[7]
The Government did not take any affirmative steps to send a notice directly to CHF. The Government has produced no evidence to contradict allegations that it was aware of CHF’s interest in the property and that it considered CHF a victim throughout the underlying criminal proceedings. It also has not demonstrated that sending notice to CHF directly, or to Hildenbrand specifically in her capacity as the registered agent for CHF, would have imposed an undue burden.[8]
I agree that notice to Hildenbrand’s counsel in her criminal prosecution was imputed notice to Hildenbrand in her individual capacity as a criminal defendant. But I cannot say that this establishes that Hildenbrand received actual notice or acquired actual knowledge of the forfeiture proceedings in her capacity as CHF’s president or agent,[9] such that this knowledge could then be imputed to CHF.[10]
The Government’s argument that notice sent to Hildenbrand in her individual capacity through her attorney constitutes notice to CHF because of the close relationship between CHF and Hildenbrand is also unpersuasive because the Government has not produced any evidence, apart from a conclusory statement in its brief, of an alter-ego relationship between Hildenbrand and CHF.[11] The evidence discussed by the majority would not support a finding of alter ego, even had the district court made such a finding, which it did not.
While CHF did authorize Hildenbrand’s counsel to represent it in filing its request for a hearing regarding the forfeiture, there is no evidence that at the time this *341 attorney received notice on behalf of Hildenbrand individually, this attorney was also CHF’s counsel.[12] Nor has the Government established that CHF authorized counsel to act on its behalf in the forfeiture proceedings before the final notice by publication occurred.
In light of the fact that forfeitures are traditionally a disfavored remedy and the importance of due process safeguards in this context, I cannot say that the Government has met its burden in this case.[13] CHF filed a petition for a hearing within the time permitted following the published final notice in a Florida newspaper. I would hold that CHF’s request for a hearing to adjudicate its interest in the property at issue was timely.

. See 21 U.S.C. § 853(n)(2), which provides in pertinent part:
Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

. See 21 U.S.C. § 853(n)(1).

. Compare 19 U.S.C. § 1607(a) (stating that, in the context of administrative forfeiture proceedings, ‘‘[w]ritten notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article"), with 21 U.S.C. § 853(n)(1) (stating that, as a substitute for published notice, the Government may provide "direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture”).

. See generally Taylor v. United States, 483 F.3d 385, 387, 390 (5th Cir.2007) (construing 19 U.S.C. § 1607(a), stating that the Government has the burden of demonstrating that its notice was reasonably calculated, under all the circumstances, to apprise a claimant of the forfeiture); United States v. Robinson, 78 F.3d 172, 173, 175 (5th Cir.1996) (holding that the Government has the burden of demonstrating compliance with the notice requirements of 19 U.S.C. § 1607(a) on summary judgment).

. 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

. See Taylor, 483 F.3d at 388 (applying 19 U.S.C. § 1607(a)).

. Mullane, 339 U.S. at 315, 70 S.Ct. 652.

. See Aero-Med., Inc. v. United States, 23 F.3d 328, 330-32 (10th Cir.1994) (reviewing adequacy of notice pursuant to 19 U.S.C. § 1607(a)); see also Lopez v. United States, 201 F.3d 478, 481 (D.C.Cir.2000) (holding that the "absence of any suggestion that the notice [of a forfeiture] was sent for a purpose other than informing [the claimant’s wife] of her own interest in the proposed forfeiture renders the notice facially deficient as to [the claimant], regardless whether [his wife] was his agent for the service of process” (citation omitted)); United States v. Marolf, 173 F.3d 1213, 1215, 1217 (9th Cir.1999) (noting that the Government conceded notice was insufficient when sent to co-defendant but not to claimant after claimant’s interest in the same property was discovered).

. 3 William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations §§ 789, 791, 793, 794 (2008) (noting that knowledge acquired by an officer of the corporation, while conducting purely personal affairs and not purporting to act as a representative of the corporation, is not imputable to the corporation); see also United States v. 7326 Highway 45 North, 965 F.2d 311, 316-18 (7th Cir.1992) (holding that president's knowledge of illegal activities he was conducting on corporate property could not be imputed to the corporation for purposes of the innocent owner defense in a forfeiture proceeding, observing "since [the criminal defendant] did not obtain knowledge of his activities while acting to benefit his principal, his knowledge cannot be imputed to [the corporation]”).

. See Am. Standard Credit, Inc. v. Nat’l Cement Co., 643 F.2d 248, 270-72 (5th Cir.1981) (stating that whether the agent possessed actual knowledge is ordinarily a question of fact that must be resolved before such knowledge can be imputed to the principal); see also Fletcher, supra note 11 § 803 (stating that the type of knowledge that may be imputed from the agent to the principal includes actual knowledge or actual notice of circumstances sufficient to put a prudent person upon inquiry)-

. See Aero-Med., Inc., 23 F.3d at 331 (noting that there was no finding of an alter-ego relationship between the claimant, a corporation created by a criminal defendant, and that defendant, and therefore "notice to [the criminal defendant], either personally or through defense counsel, would not necessarily have been reasonably calculated to reach plaintiff”).

. See United States v. Puig, 419 F.3d 700 (8th Cir.2005) (holding that an attorney’s knowledge of the forfeiture proceeding was imputed to his client where the record contained evidence that the attorney was in fact representing the claimant more than thirty days prior to filing a petition for an ancillary hearing).

. See generally Armendariz-Mata v. U.S. Dep't of Justice, DEA, 82 F.3d 679, 683 (5th Cir. 1996) (stating that because forfeitures are disfavored, the government must comply with both the letter and spirit of the law in notifying potential claimants).