129 F.3d 1026
 Fed. Sec. L. Rep. P 99,573, 97 Cal. Daily Op. Serv. 8728,
97 Daily Journal D.A.R. 14,147
J. Phillip WILLIAMS, Plaintiff,
and
Herbert Eisen, Trustee for Margaret M. Eisen Family Trust,
Plaintiff-Intervenor,
v.
MGM-PATHE COMMUNICATIONS CO.; Pathe Communications
Corporation; Credit Lyonnais Bank, Credit
Lyonnais Bank Nederland N.V.; Giancarlo
Parretti, Defendants-Appellees.
 No. 96-55473.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 7, 1997.
Memorandum Filed Sept. 4, 1997.
Order and Opinion Filed Nov. 19, 1997.
 
 Arlin M. Adams, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for appellant.
 Travers D. Wood, Ted S. Ward, White & Case, Los Angeles, CA, for appellee.
 Appeal from the United States District Court for the Central District of California; Harry L. Hupp, District Judge, Presiding. D.C. No. CV-91-03276-HLH.
 Before: CANBY, and THOMAS, Circuit Judges, and KING,* District Judge.
 PER CURIAM:
 
 
 1
 Herbert Eisen, Trustee for the Margaret M. Eisen Family Trust, appeals the district court's award of attorneys' fees in connection with the settlement of a securities-fraud class action. The class brought the action against MGM Pathe Communications Co., Pathe Communications Corp., Credit Lyonnais Bank Nederland, and Giancarlo Parretti (the "defendants"). The parties settled the suit in favor of the class.
 
 
 2
 The class' attorneys contend that the district court should have calculated their fee as one-third of the entire $4.5 million settlement fund, for a fee of about $1.5 million, rather than calculating it as one-third of the class members' claims against that fund, for a fee of only $3,300. We conclude that the district court abused its discretion[1] by basing the fee on the class members' claims against the fund rather than on a percentage of the entire fund or on the lodestar. We thus reverse and remand.
 
 
 3
 In Boeing Co. v. Van Gemert, 444 U.S. 472, 480-81, 100 S.Ct. 745, 750-51, 62 L.Ed.2d 676 (1980), the Court concluded that the attorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class members make no claims against the fund so that money remains in it that otherwise would be returned to the defendants. In Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir.1990), we held likewise, and indicated that our benchmark for an attorneys' fee award in a successful class action is twenty-five percent of the entire common fund. Of course, the percentage may be adjusted to account for any unusual circumstances. See Paul, Johnson, Alston, & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir.1989). We also have applied the lodestar approach in some cases. See Florida v. Dunne, 915 F.2d 542, 545 (9th Cir.1990).
 
 
 4
 We recognize that in this case, as opposed to Boeing and Six (6) Mexican Workers, the absent class members do not necessarily have a calculable interest in the unclaimed money in the fund, which will be returned to the defendants if it is not used to pay the class attorneys' fees. See Boeing, 444 U.S. at 475-76, 100 S.Ct. at 747-48; Six (6) Mexican Workers, 904 F.2d at 1304. The district court apparently concluded that the payment of fees from the money remaining in the fund thus would amount to prohibited fee shifting: assessing fees against the defendants, rather than against the absent class members. But, also unlike Boeing and Six (6) Mexican Workers, this case involves a settlement that was negotiated at arms length, not a judgment. See Boeing, 444 U.S. at 475-76, 100 S.Ct. at 747-48; Six (6) Mexican Workers, 904 F.2d at 1304. The Supreme Court has indicated that the parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees. See Evans v. Jeff D., 475 U.S. 717, 734-35, 738 n. 30, 106 S.Ct. 1531, 1540-42, 1543 n. 30, 89 L.Ed.2d 747 (1986). The Defendants here knew, because it was in the settlement agreement, that the class attorneys would seek to recover fees based on the entire $4.5 million fund. See CR 198 at 23. The Defendants had some responsibility to negotiate at the outset for a smaller settlement fund if they wished to limit the fees.
 
 
 5
 The order of the district court is reversed and the matter is remanded for further proceedings consistent with this opinion.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 [1]
 We review for abuse of discretion a district court's award of attorneys' fees. Nelson v. Pima Community College, 83 F.3d 1075, 1080 (9th Cir.1996)