No. 99–1560. INTERNATIONAL PRECIOUS METALS CORP. ET AL. v. WATERS ET AL. C. A. 11th Cir. Motion of Lester Brickman et al. for leave to file a brief as *amici curiae* granted. Certiorari denied.

Statement of JUSTICE O'CONNOR respecting the denial of the petition for a writ of certiorari.

This case involves an award of attorney's fees that, by any measure, is extraordinary. Respondents brought a securities class action, alleging that petitioners had fraudulently solicited and stimulated excessive trading of commodities options. The parties ultimately settled the suit, whereby petitioners agreed to create a $40 million "reversionary fund" for the class plaintiffs. Under the terms of the settlement, the portion of the fund not claimed by class members and not paid to respondents in attorney's fees and expenses was to revert to petitioners.

After the parties reached their agreement, the District Court approved respondents' application for attorney's fees in the amount of $13,333,333, or one-third of the reversionary fund. The figure was unrelated to the amount actually claimed by class plaintiffs. As it later turned out, the actual distribution to class members was $6,485,362.15. Accordingly, the fee award approved by the District Court was more than twice the amount of the class' actual recovery. The Court of Appeals affirmed the award,

holding that the District Court had not abused its discretion. See 190 F. 3d 1291, 1293 (CA11 1999).

In *Boeing Co.* v. *Van Gemert,* 444 U. S. 472 (1980), we upheld an award of attorney's fees in a class action where the award was based on the total fund available to the class rather than the amount actually recovered. *Id.,* at 480–481. We had no occasion in *Boeing,* however, to address whether there must at least be *some* rational connection between the fee award and the amount of the actual distribution to the class. The approval of attorney's fees absent any such inquiry could have several troubling consequences. Arrangements such as that at issue here decouple class counsel's financial incentives from those of the class, increasing the risk that the actual distribution will be misallocated between attorney's fees and the plaintiffs' recovery. They potentially undermine the underlying purposes of class actions by providing defendants with a powerful means to enticing class counsel to settle lawsuits in a manner detrimental to the class. And they could encourage the filing of needless lawsuits where, because the value of each class member's individual claim is small compared to the transaction costs in obtaining recovery, the actual distribution to the class will inevitably be minimal. The Courts of Appeals have differed in their approaches to the problem. Compare *Strong* v. *BellSouth Telecommunications, Inc.,* 137 F. 3d 844, 852 (CA5 1998) (District Court did not abuse its discretion in basing fee award on actual payout rather than reversionary fund), with *Williams* v. *MGM-Pathe Communications Co.,* 129 F. 3d 1026, 1027 (CA9 1997) (benchmark for fee award is 25% of entire fund, and District Court abused its discretion in basing award on actual distribution to class).

Although I believe this issue warrants the Court's attention, this particular case does not present a suitable opportunity for its resolution. As part of their settlement, the parties agreed that respondents would apply for attorney's fees in an amount up to one-third of the reversionary fund, and petitioners expressly pledged not to "directly or indirectly oppose [respondents'] application for fees." App. to Pet. for Cert. G–36. Moreover, according to the District Court's order approving the settlement, petitioners' counsel represented to the court that "the fee application specifically contemplated by the [settlement], i. e. $13,333,333 . . . was reasonable and that its reasonableness was supported by his experience in other class actions." *Id.,* at S–4. Consequently,

petitioners appear to have waived any right to challenge the reasonableness of the fee award in this case. I therefore agree with the Court's decision to deny the petition for a writ of certiorari. Nonetheless, I believe the importance of the issue counsels in favor of granting review in an appropriate case.