UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30381
Summary Calendar

_____

CARL A. ROBERTSON, on behalf of himself
and all others similarly situated,

Plaintiff-Appellant,

versus

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AGRICULTURAL
AND MECHANICAL COLLEGE; MERVIN TRAIL, Chancellor; RON GARDNER,
Vice-Chancellor; FLORA G. MCCOY, Human Resources Manager; ALBERT
LAVILLE, Louisiana State University Police; LESLYE ANN BASS,
Chief of Police,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(99-CV-1688-T)

_____
September 20, 2001
Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]


Carl A. Robertson appeals, *pro se*, the summary judgment
granted the Board of Supervisors of Louisiana State University
Agricultural and Mechanical College and the dismissal of all claims
against the individual Defendants under Rule 12(b)(6) of the
Federal Rules of Civil Procedure. Robertson claimed violations of
42 U.S.C. §§ 1981 and 1983, as well as Title VII of the Civil
Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed the §§ 1981 and 1983 claims against the individual Defendants on concluding the allegations supporting those theories were not distinct from those alleged in support of the Title VII claim. The Title VII claim was also dismissed as to the individual Defendants because LSU, not the individual Defendants, was Roberson's employer. Summary judgment was awarded LSU on all claims on the basis that Robertson failed to prove a prima facie case of retaliation. Robertson asserts four reasons why the judgment should be reversed.

We review a grant of summary judgment *de novo* applying the identical standard used by the district court. *E.g., **Stewart v. Murphy***, 174 F.3d 530, 533 (5th Cir.), *cert. denied*, 528 U.S. 906 (1999). Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We "view the pleadings and summary judgment evidence in the light most favorable to the nonmovant." ***Stewart***, 174 F.3d at 533.

We review *de novo* a Rule 12(b)(6) dismissal. ***Atkins v. Hibernia Corp.***, 182 F.3d 320, 323 (5th Cir. 1999); ***General Star Indem. Co. v. Vesta Fire Ins. Corp.***, 173 F.3d 946, 949 (5th Cir. 1999). All facts pled in the complaint must be considered true, and the complaint "must be liberally construed in favor of the plaintiff". ***Brown v. Nationsbank Corp.***, 188 F.3d 579, 585 (5th Cir. 1999), *cert. denied*, 530 U.S. 1224 (2000). Dismissal is improper "'unless it appears beyond doubt that the plaintiff can

2

prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 586 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Robertson first asserts that the district court improperly found his Title VII claim preempted his §§ 1981 and 1983 claims as they were predicated upon the same facts. The district court relied on *Parker v. Miss. State Dep't of Pub. Welfare*, 811 F.2d 925, 927 n. 3 (5th Cir. 1987), in concluding consideration of remedies other than Title VII "is necessary only if their violation can be made out on grounds different from those available under Title VII". *Id.* Although the district court was correct that Robertson made no distinction in his factual allegations between his § 1981 and 1983 claims and his Title VII claim, subsequent decisions of our court have made it clear that *Parker* does not hold that Title VII is the exclusive remedy for race based employment discrimination. *See Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1575-76 (5th Cir. 1989), *cert. denied*, 493 U.S. 1019 (1990); *Hernandez v. Hill Country Tel. Coop., Inc.*, 849 F.2d 139, 142-43 (5th Cir. 1988); *see also Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 548-50 (5th Cir. 1997). Instead, footnote 3 in *Parker* has been interpreted as follows:

> In *Parker* we did no more than limit our appellate review of the denial of Title VII relief to the facts alleged in support of that claim, doing so because the claims alleged under Title VII and § 1981 were provable by the same facts. Thus a finding of liability or non-liability under one statute satisfied the other. *Parker* does not stand for the proposition, nor could it properly do so, that a claimant alleging racial discrimination in

3

> an employment setting is limited to recovery
> under Title VII.

*Hernandez*, 849 F.2d 139, 142-43 (citation omitted). Because the district court found that recovery against the individual Defendants was foreclosed under Title VII on the basis that they do not meet the statutory definition of an employer, the district court should have considered Robertson's alternative theories of recovery, even though such theories are supported by the same factual allegations as the Title VII claim. Therefore, we remand for an adjudication of the individual Defendants' Motion to Dismiss in regard to Robertson's §§ 1981 and 1983 claims.

Robertson next contends the district court narrowly construed his allegations and his evidentiary submissions and drew all inferences against him, relying on irrelevant factors and evidence not supported by the record. Robertson has not identified which factual allegations and evidentiary submissions the district court narrowly construed, nor the inferences drawn against him. Robertson also does not identify the evidence the district court improperly relied upon, other than to allege that Defendants filed untimely witness and exhibit lists. In granting summary judgment in favor of LSU and dismissing the claims against the individual Defendants, the district court did not draw improper inferences or rely upon improper evidence.

Robertson also contends the district court improperly denied his cross motion for summary judgment and failed to consider the documents submitted with his complaint when ruling on the individual Defendants' Rule 12(b)(6) motion to dismiss. After

4

reviewing Robertson's motion for summary judgment, the motion was correctly denied. As for the dismissal of the individual Defendants, assuming the district court did not consider the attachments to the Second Amended Complaint, the attachments include a letter from Robertson to counsel for Defendants, letters from Robertson to two United States Senators, a letter from Robertson to the former Vice President of the United States, and a letter from Robertson to the Equal Employment Opportunity Commission. These letters in no way impact the dismissal of the individual Defendants.

Finally, Robertson maintains the district court did not liberally construe his *pro se* complaint. *See, e.g.,* ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); **Moore v. McDonald**, 30 F.3d 616, 620 (5th Cir. 1994); **Covington v. Cole**, 528 F.2d 1365, 1370 (5th Cir. 1976). The most liberal reading of Robertson's Second Amended Complaint in no way invalidates the district court's rulings.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*