**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMEENJOHN STANIKZY,

            Plaintiff-Appellant,

  v.

PROGRESSIVE DIRECT INSURANCE
COMPANY,

            Defendant-Appellee.

No.   22-35524

D.C. No. 2:20-cv-00118-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted July 14, 2023
Seattle, Washington

Before: GRABER, GOULD, and PAEZ, Circuit Judges.

Plaintiff Ameenjohn Stanikzy, a member of a class of plaintiffs who sued

Defendant Progressive Direct Insurance Company, appeals the district court's

order granting in part his motion for attorney fees. Reviewing the district court's

award of attorney fees for abuse of discretion, Lowery v. Rhapsody Int'l, Inc., 69

F.4th 994, 1000 (9th Cir. 2023), we affirm.

_____

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court did not abuse its discretion when it awarded attorney fees as a percentage of the claims accrued by the class of plaintiffs rather than as a percentage of the entire "virtual common fund" of approximately $19.2 million. Under Washington law, which applies here, Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002), the trial judge has broad discretion to determine the reasonableness of attorney fees. Bowles v. Wash. Dep't of Ret. Sys., 847 P.2d 440, 450 (Wash. 1993) (en banc).

Plaintiff argues that Bowles requires the application of the percentage-of-recovery method to the entire virtual common fund. We disagree. In Bowles, after finding that the Washington Department of Retirement Systems miscalculated class members' retirement benefits, the trial court awarded attorney fees as a percentage of the entire common fund, estimated to be $18.8 million. Id. at 451. The Washington Supreme Court noted that it is appropriate to examine the circumstances and adjust the potential award as necessary. See id. ("Under special circumstances, [the 25 percent benchmark] can be adjusted upward or downward, or can be replaced with a lodestar calculation."). Bowles drew that proposition from Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301 (9th Cir. 1990), which held that "[t]he benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the

percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." Id. at 1311.

To the extent that Bowles can be read to reflect a preference for calculating attorney fees as a percentage of the maximum amount available to plaintiffs in a true common fund case, it is distinguishable. In Bowles, every member of the class benefitted from the increased state pension benefits. 847 P.2d at 444. Here, only those class members who submitted valid claims benefitted from the ruling in favor of the class.

Plaintiff also argues that Williams v. MGM-Pathe Communications Co., 129 F.3d 1026 (9th Cir. 1997) (per curiam), requires a different result here. It does not. First, there is nothing to suggest that Williams was decided under Washington law. Second, Williams recognized the fact-intensive nature of abuse-of-discretion review. The court noted that the presumptive benchmark may be adjusted to account for any "unusual circumstances" and that the lodestar approach also may be used. Id. at 1027. Third, Williams observed that the district court made a legal error by concluding that payment of fees from the money remaining in the fund would amount to prohibited fee shifting. Id. By contrast, the district court in this case properly construed Washington law and made no legal error.

The district court adequately detailed "how it weighed the various competing considerations supporting the award." Lowery, 69 F.4th at 1000

3

(citation and internal quotation marks omitted). The court observed that the requested fee would dwarf the class recovery; that a comparison to the lodestar amount of $390,000 showed that class counsel's requested award of $5 million was unreasonable; and that class counsel achieved "good but not 'exceptional' results" for the class in litigation that was active "for scarcely over a year and never even reached the class certification stage." Stanikzy v. Progressive Direct Ins. Co., No. 2:20-CV-118 BJR, 2022 WL 1801671, at *6 (W.D. Wash. June 2, 2022) (quoting Vizcaino, 290 F.3d at 1048).

Finally, contrary to Plaintiff's argument, the district court did not abuse its discretion or legally err when it conducted a lodestar cross-check to determine whether the percentage-based fee award was reasonable. When applying Washington law to an award of attorney fees, we "follow[] the Washington practice of looking to federal law for guidance" on this issue. Vizcaino, 290 F.3d at 1047. In Vizcaino, we held that, even when the percentage method is the primary basis for the fee award, "the lodestar may provide a useful perspective on the reasonableness of a given percentage award." Id. at 1050.

**AFFIRMED.**

4