United States Court of Appeals,
Fifth Circuit.
No. 93-1941.
Summary Calendar.

Curtis Lynn MOORE, Plaintiff-Appellant,

v.

Lynn McDONALD, Hood County Deputy Sheriff, Defendant-Appellee.

Sept. 1, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY, WIENER and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Appellant, Curtis Lynn Moore, was arrested for possession of a controlled substance and detained, and following the dismissal of criminal charges, brought an *in forma pauperis* action against appellee, Deputy Sheriff Lynn McDonald, for violation of his civil rights under 42 U.S.C. § 1983 (1988). Moore alleged that McDonald falsely stopped, detained, searched, and arrested him, and gave perjured testimony at a pretrial suppression hearing. The district court granted summary judgment for McDonald on the perjury claim and later dismissed the remainder of Moore's claims as frivolous under 28 U.S.C. § 1915(d) (1988). Moore appeals, arguing that the district court erred in holding that: (1) McDonald has absolute immunity to Moore's § 1983 perjury claim; (2) Moore's Fourth Amendment claims are frivolous under § 1915(d); and (3) Moore must pay court costs. We affirm the judgment on Moore's perjury and Fourth Amendment claims, and the judgment imposing costs on Moore.

On May 10, 1988, Deputy Sheriff McDonald stopped Curtis Lynn Moore for a traffic violation in Hood County, Texas. After seeing a large hunting knife on the dashboard of Moore's vehicle, McDonald asked Moore and his passengers to exit the car. McDonald proceeded to search the vehicle for other weapons and, after finding contraband, arrested and detained Moore for possession of a controlled substance. Moore filed a motion to suppress the evidence found in McDonald's search. At the suppression hearing, McDonald testified that the only reason for stopping Moore's vehicle was the violation of a traffic law, and the district court denied Moore's motion. However, the State dropped its criminal charges against Moore on December 14, 1988,[1] because it learned that McDonald had "potentially perjured himself at a pretrial hearing." The written statements of a city police officer and a Hood County jailer showed that Officer McDonald knew Moore was driving the vehicle and did not stop him solely on the basis of a traffic violation.

On November 19, 1990, Moore filed a § 1983 civil rights action, alleging that McDonald unlawfully stopped, detained, searched, and arrested him, and gave perjured testimony at the pretrial suppression hearing. Moore sought monetary damages in excess of $160,000, equitable relief, attorney's fees, and court costs.

---

[1]Although the criminal charges arising from this incident were dropped, Moore is confined by the Texas Department of Criminal Justice for reasons unrelated to this proceeding.

McDonald then moved for summary judgment. The district court granted summary judgment on the perjury claim, stating that "§ 1983 does not authorize a claim for damages against a police officer for allegedly giving perjured testimony." The district court relied on *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), where the United States Supreme Court held that police officers are absolutely immune from § 1983 claims based on their trial testimony. *Id.* at 326, 103 S.Ct. at 1110-11. However, the district court denied summary judgment as to Moore's Fourth Amendment and false imprisonment claims.

McDonald subsequently filed another summary judgment motion alleging that Moore's Fourth Amendment and false imprisonment claims were barred by the statute of limitations. The district court denied McDonald's motion, but dismissed Moore's *in forma pauperis* action *sua sponte,* because it was frivolous, under 28 U.S.C. § 1915(d). The district court reasoned that Moore's Fourth Amendment and false imprisonment claims accrued on May 10, 1988—the date of Moore's arrest and the search of his car, more than two years before Moore filed his action—and were barred by the applicable statute of limitations. The district court then entered final judgment for McDonald and ordered Moore to pay court costs.

Moore appeals, contending that: (1) McDonald does not have absolute immunity to Moore's § 1983 perjury claim; (2) Moore's Fourth Amendment claims were not time barred, and therefore not frivolous, under § 1915(d); and (3) court costs should not be borne by Moore.

3

Moore argues that the district court erred by granting summary judgment as to his perjury claim. In *Briscoe,* the United States Supreme Court held that a police officer has absolute immunity from § 1983 perjury claims when testifying at a criminal trial. 460 U.S. at 326, 103 S.Ct. at 1110-11. However, the issue before this court involves a police officer who allegedly perjured himself during a *pretrial* suppression hearing. It is a question of first impression in this Circuit whether a police officer's pretrial suppression hearing testimony is absolutely immune from § 1983 perjury claims. *See Foster v. City of Lake Jackson, Tex.,* 813 F.Supp. 1262, 1266 (S.D.Tex.1993) (stating that this Circuit has not extended the privilege of absolute immunity to "witnesses who testify in pretrial proceedings"), *rev'd on other grounds,* No. 93-7196, 1994 WL 387970, --- F.3d ---- (5th Cir. July 27, 1994).

The Court in *Briscoe,* in determining that § 1983 did not abrogate common law immunity, asserted that "[a] witness [at trial] who knows that he might be forced to defend a subsequent lawsuit, and perhaps to pay damages, might be inclined to shade his testimony in favor of the potential plaintiff, to magnify uncertainties, and thus to deprive the finder of fact of candid, objective, and undistorted evidence." 460 U.S. at 333, 103 S.Ct. at 1114. The result of such shaded testimony would be an obstruction of "the paths which lead to the ascertainment of truth." *See id.* at 333, 103 S.Ct. at 1114 (quoting *Calkins v.*

*Sumner,* 13 Wis. 193, 197 (1860)).

The reason for granting absolute immunity to a witness against claims arising from testimony "applies with equal force in both trial and [adversarial] pretrial settings." *Holt v. Castaneda,* 832 F.2d 123, 125 (9th Cir.1987), *cert. denied,* 485 U.S. 979, 108 S.Ct. 1275, 99 L.Ed.2d 486 (1988). "Whether testifying at trial or in a pretrial proceeding, a witness who knows he may be subjected to costly and time-consuming civil litigation for offering testimony that he is unable to substantiate may consciously or otherwise shade his testimony in such a way as to limit potential liability." *Id.* Because of such natural tendencies to shade testimony, witness immunity "is afforded to encourage complete disclosure in judicial proceedings as a means for ascertaining the truth, and, because of its common law roots, is necessarily limited to witnesses in judge-supervised trials." *Krohn v. United States,* 742 F.2d 24, 31 (1st Cir.1984). "The thought is that witnesses should be encouraged to tell all they know without fearing reprisal, because the tools of the judicial process—rules of evidence, cross-examination, the fact-finder, and the penalty of (criminal) perjury—will be able to uncover the truth." *Williams v. Hepting,* 844 F.2d 138, 142 (3rd Cir.), *cert. denied,* 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988). Because these truth-finding tools of the judicial process are present at adversarial pretrial suppression hearings, "[w]e see no principled basis for distinguishing between the [adversarial] pretrial proceedings and the trial on the merits in determining

whether absolute immunity should be granted to a police officer witness."  *Holt,* 832 F.2d at 125.

Furthermore, "[t]he great weight of lower court authority holds that the functional approach dictates that absolute witness immunity applies to testimony given at adversarial pretrial criminal proceedings."  Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation:  Claims, Defenses, and Fees* § 9.10, at 497 (2d ed. 1991);  *see Daloia v. Rose,* 849 F.2d 74, 76 (2nd Cir.), *cert. denied,* 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988) (holding that absolute witness immunity applies to an adversarial pretrial suppression hearing);  *Williams,* 844 F.2d at 141 (extending "absolute immunity doctrine to a witness at the pretrial stage of the judicial process");  *Holt,* 832 F.2d at 127 ("[W]itnesses who testify in court at adversarial pretrial hearings are absolutely immune from liability under section 1983 for damages allegedly caused by their testimony.").

We have held that police officers do not have absolute immunity from § 1983 claims where they perjure themselves at pretrial probable cause hearings.  *Wheeler v. Cosden Oil and Chem. Co.,* 734 F.2d 254, 261 (5th Cir.), *modified on other grounds,* 744 F.2d 1131 (1984).  In *Wheeler,* we noted the "absence of cross-examination at probable cause hearings," and asserted that "the policy considerations applicable to ... testimony at a probable cause hearing differ substantially from those relevant to ... testimony at a probable trial."  *Id.* (quoting *Briscoe,* 460 U.S. at 351, n. 10, 103 S.Ct. at 1124, n. 10 (Marshall, J.,

6

dissenting)).  Testimony at adversarial pretrial suppression hearings is distinguishable from testimony at nonadversarial probable cause hearings because "[i]n adversarial pretrial proceedings, as in trials, the witness testifies in court, under oath, under the supervision of the presiding judge and is subject to criminal prosecution for perjury."  *Holt,* 832 F.2d at 125. Therefore, our determination in *Wheeler* does not call into question our conclusion that *Briscoe* applies to pretrial suppression hearings.

Moore's pretrial suppression hearing was adversarial in nature.  McDonald was under oath, appeared before a judge on the record, was cross-examined by Moore, and was subject to the penalty of criminal perjury.  Because McDonald's testimony at the suppression hearing was subject to the same procedural safeguards as trial testimony, we hold that McDonald's testimony is absolutely immune from Moore's § 1983 claim.

Finally, in his brief Moore relies on *Anthony v. Baker,* 955 F.2d 1395 (10th Cir.1992), where the court held that "in the context of a § 1983 claim for malicious prosecution, a complaining witness is not absolutely immune for testimony given in a pre-trial setting if that testimony is relevant to the manner in which the complaining witness initiated or perpetrated the prosecution." *Id.* at 1401.  However, *Anthony* is not controlling, because Moore does not allege a claim for malicious prosecution.  Lack of probable

7

cause to prosecute is an element of a malicious prosecution case.[2] *See Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241, 245 (5th Cir.1983); *Martin v. Thomas,* 973 F.2d 449, 457 (5th Cir.1992). Even construing Moore's complaint liberally and focussing on the facts alleged, we find no allegation that there was a lack of probable cause to prosecute the action. We therefore find that Moore has not asserted a claim for malicious prosecution.

B

In his *pro se* complaint, which we must construe liberally,[3] Moore presented two theories for relief under the Fourth Amendment. Moore's principal allegation was that he was subjected to an unreasonable stop because it was pretextual in nature, based on an informant's tip, and not solely for the purpose of issuing a traffic citation. Additionally, Moore alleged that the warrantless search of his vehicle was unreasonable. He contended that after Deputy McDonald confiscated the knife, further search of the vehicle was unnecessary because Moore was twenty feet away from the vehicle, and, thus, unable to threaten or injure McDonald.

Moore argues that the district court erred in dismissing his claims as frivolous under 28 U.S.C. § 1915(d) because they were not filed within the applicable limitations period. He asserts that

---

[2]Probable cause means "the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Pendleton v. Burkhalter,* 432 S.W.2d 724, 727 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.).

[3]See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

8

the district court erred because it incorrectly determined the accrual date of his claims.

We review § 1915(d) dismissals for an abuse of discretion. *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993) (citation omitted). A federal court may dismiss a claim *in forma pauperis* "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1988). District courts may dismiss claims *sua sponte* under § 1915(d) where "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell,* 981 F.2d at 256. Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period. *Id.* Texas' general personal injury limitations period is two years. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986).

The district court found that Moore's illegal search claim accrued on the date of the allegedly unreasonable search, or when Moore purportedly sustained his injury—May 10, 1988. Therefore, because Moore filed suit on November 19, 1990, the court dismissed Moore's suit pursuant to § 1915(d) because the two-year statute of limitations had run.

Although the Texas limitations period applies, federal law governs when a § 1983 claim accrues, and "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell,* 981 F.2d at 257. "The statute of limitations ... begins to run

9

when the plaintiff is in possession of the "critical facts that he has been hurt and who has inflicted the injury....' " *Id.* (quoting *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980)). Moore certainly possessed the "critical facts" concerning the allegedly unreasonable search of the car on the day it occurred. Moore knew that he was twenty feet away from the car, and unable to threaten or harm Officer McDonald, when the car was searched. Thus, the district court correctly concluded that Moore's claim as to the allegedly unreasonable search of the car accrued on May 10, 1988, when he became "aware that he ha[d] suffered an injury or ha[d] sufficient information to know that he ha[d] been injured." *Helton v. Clements,* 832 F.2d 332, 335 (5th Cir.1987) (footnote omitted).[4]

Moore also contends, however, that he was subjected to an illegal pretextual stop in violation of the Fourth Amendment. In *United States v. Causey,* 834 F.2d 1179 (5th Cir.1987) (en banc), we held that "where police officers are objectively doing what they are legally authorized to do ... the results of their investigations are not to be called in question on the basis of any subjective intent with which they acted." *Id.* at 1184; *see Scott v. United States,* 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978) ("[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed

_____

[4]Of course, we express no opinion regarding whether McDonald's search of Moore's vehicle actually amounted to a constitutional violation.

10

objectively, justify that action.")  It is undisputed that Deputy McDonald, in stopping Moore for a traffic violation, was objectively doing what he was legally authorized to do, whether he was following a tip or not.  Thus, even assuming arguendo that the district court erred in determining the accrual date of Moore's claim, we need not reach this issue because, under *Causey,* the claim is without constitutional merit.  We therefore find no abuse of discretion by the district court.  *See Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir.1990) (affirming § 1915(d) dismissal for "reasons different from those relied upon by the district court").

## C

Moore also argues that the district court erred in ordering that he pay court costs.  He asserts that court costs should not have been charged to him because he is proceeding *in forma pauperis* and his complaint was timely filed.  However, 28 U.S.C. § 1915(e) (1988) provides that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other cases...."  § 1915(e) affords the courts "discretionary power" to render judgment for costs at the end of the action.  *See Lay v. Anderson,* 837 F.2d 231, 232 (5th Cir.1988) (stating that a frivolous appeal is not a necessary condition to taxing costs against an *in forma pauperis* litigant).  The fact that Moore's complaint was timely filed does not establish an abuse of discretion.  Moore's argument is without merit.

## III

For the foregoing reasons, we AFFIRM.

11