IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20987
Conference Calendar

_____

HOWARD RICH,

Plaintiff-Appellant,

versus

TOMMY B. THOMAS,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3178
- - - - - - - - - -
June 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Howard Rich, Texas prisoner #847823, appeals the district court's dismissal of his pro se, in forma pauperis 42 U.S.C. § 1983 complaint as barred by the statute of limitations. A district court may dismiss a § 1983 complaint sua sponte under § 1915(e)(2)(B)(i) when the complaint demonstrates that the claims asserted are barred by the applicable statute of limitations. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). Because there is no federal statute of limitations for § 1983 actions, the federal courts borrow the forum state's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

general personal injury limitations period.  <u>Id</u>.  Texas' general personal injury limitations period is two years.  <u>Id</u>.

Rich's cause of action accrued, at the latest, in August 1996, when he knew or had reason to know of the injury which formed the basis of his complaint.  <u>See</u> <u>id</u>. at 621.  Rich filed his complaint in September 1998.  The district court did not abuse its discretion in dismissing Rich's civil rights complaint as barred by the statute of limitations.  <u>See</u> <u>Gonzalez v. Wyatt</u>, 157 F.3d 1016, 1019 (5th Cir. 1998).

AFFIRMED.