IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10844
Conference Calendar

_____


ROQUE T. ARANDA,

                                        Plaintiff-Appellant,

versus

CHARLEY D. SHAW, Deputy Sheriff, Gaines County, Texas; LUPE
RODRIGUEZ, Deputy Sheriff, Gaines County, TX; ERNESTO GALVAN,
Deputy Sheriff, Gaines County, TX; KEVIN BAGWELL, Dispatcher,
Gaines County, TX; GAINES COUNTY, TX,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-234-C
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Roque T. Aranda, Texas prisoner # 805045, appeals the
dismissal of his complaint alleging false arrest and excessive
force as frivolous and malicious in accordance with 28 U.S.C.
§ 1915(e)(2)(B).  Aranda argues that the district court erred in
referring to his claim of illegal arrest as one of false arrest.
He also argues that the district court improperly dismissed his
excessive-force claim as time-barred.

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The false-arrest claim is not cognizable because the conviction resulting from the arrest has not been invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). The excessive-force claim is time-barred. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). This appeal is without arguable merit. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). It is DISMISSED. See 5th Cir. R. 42.2.

The three-strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997) (citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)). Aranda has previously had at least one strike against him. Aranda v. Millsaps, No. 99-11394 (5th Cir. Aug. 29, 2000). Aranda has acquired another two strikes as a result of this frivolous complaint and appeal. See Adepegba, 103 F. 3d at 386-88. Additionally, Aranda today accumulates two more strikes in another appeal before this court. Aranda v. Key, No. 00-10849. He now has at least five strikes. Accordingly, Aranda may no longer proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.