IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11216
Conference Calendar
_____

WAYNE CHAD CORBETT,

Plaintiff-Appellant,

versus

KENNETH L. BARR, Mayor of Fort Worth; RALPH MENDOZA, Fort Worth
Chief of Police; C.B. THOMPSON, Police Officer City of Fort
Worth; R. JOHNSON, Police Officer Fort Worth Police Department;
T.M. MCLAUGHLIN, Police Officer Fort Worth Police Department;
SHERMAN NEAL, Police Officer Fort Worth Police Department; K.A.
SPRAGINS, Police Officer Fort Worth Police Department,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-201-E
--------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Wayne Chad Corbett, Texas prisoner # 814718, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

barred by the two-year statute of limitations.  He argues that

limitations should be equitably tolled because he is illiterate

and of unsound mind; he was not aware that he had a claim until

October 1997; and he was required to give a deposition without

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

counsel. The two-year limitations period began to run on January 10, 1996, the date of the alleged excessive use of force because on that date Corbett was aware of "critical facts that he ha[d] been hurt and who ha[d] inflicted the injury." See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). Corbett did not file this § 1983 action until December 29, 1998, after the expiration of the two-year limitations period. TEX. CIV. PRAC .& REM. CODE ANN. § 16.003(a)(West 1989); Moore, 30 F.3d at 620. Corbett has not shown that there is any legal reason under the applicable Texas law that the limitations period should have been equitably tolled. See Rotella v. Pederson, 144 F.3d 892, 894 (5th Cir. 1998). Corbett's ignorance of the law or his legal cause of action is not grounds for equitable tolling. See Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). Corbett's ignorance and illiteracy are not grounds for tolling the limitations period. See, e.g., Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991).

Corbett's allegation that the limitations period should be equitably tolled because he is of unsound mind is conclusional as he has not alleged what type of legal disability he has or explained how this alleged disability prevented him from filing this § 1983 action within the two-year limitations period. Corbett was proceeding pro se in this action and has not cited any authority to support his argument that the limitations period should be equitably tolled because he was not represented by counsel at the time that the defendants took his deposition. Corbett has not shown that the district court erred in dismissing

his § 1983 action as barred by the two-year statute of limitations.  See  Moore, 30 F.3d at 620.

Corbett has filed a motion for leave to file a supplemental brief, raising a new argument that a ten-year statute of limitations is applicable to his action.  This court will not consider a new theory of relief raised for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).  Therefore, Corbett's motion for leave to file a supplemental brief is denied.

AFFIRMED; MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF DENIED.