IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10570
Conference Calendar
_____

PHILIP ROBINSON,

Plaintiff-Appellant,

versus

DALLAS POLICE DEPARTMENT; BEN CLICK; CATHY HARDING; JOHN DOE 1;
JOHN DOE 2; JOHN DOE 3; SALLY ZOE; OTHER PERSONS UNKNOWN,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-133-R
- - - - - - - - - -
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Philip Robinson, Texas prisoner #743748, appeals the district court's dismissal of his 42 U.S.C. § 1983 action, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), as barred by the two-year statute of limitations and therefore frivolous. He argues that limitations should be equitably tolled because he is illiterate and because he sought the assistance of four different attorneys who should have been protecting his rights. The two-year limitations period began to run on July 7, 1994, the date the defendants allegedly conspired to deprive and

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

actually deprived him of $2,000. Robinson did not file this § 1983 action until January 19, 2001, after the expiration of the two-year limitations period. TEX. CIV. PRAC .& REM. CODE ANN. § 16.003(a)(West 1989); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). Robinson has not shown that there is any legal reason under the applicable Texas law that the limitations period should have been equitably tolled. See Rotella v. Pederson, 144 F.3d 892, 894 (5th Cir. 1998). Robinson's ignorance of the law and his illiteracy are not grounds for equitable tolling. See Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991). Robinson has not shown that the district court erred in dismissing his § 1983 action as barred by the two-year statute of limitations. See Moore, 30 F.3d at 620.

Robinson's appeal is wholly without arguable merit, is frivolous, and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Both the district court's dismissal of his complaint and this court's dismissal of the instant appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Robinson is CAUTIONED that if he accumulates a third "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.