IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40401
Conference Calendar
_____

ROBERT L. WILLIAMS, III,

Plaintiff-Appellant,

versus

BRADSHAW STATE JAIL, Facility Health Administrator,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-43
- - - - - - - - - -
December 11, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert L. Williams, III, a Texas prisoner (# 680652), appeals from the dismissal of his pro se, in forma pauperis ("IFP") civil rights action as frivolous under 28 U.S.C. § 1915(e)(2)(B). The court dismissed the complaint, which was filed on January 26, 2001, and which concerned injuries allegedly inflicted by the defendant on January 21, 1999, because it was barred by the applicable two-year Texas statute of limitations. A district court may sua sponte dismiss a complaint as frivolous

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on statute-of-limitations grounds where "it is clear from the face of a complaint that the claims asserted are barred by the applicable statute of limitations."  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).  For § 1983 claims, federal courts apply the general personal injury statute of limitations of the forum state, Owens v. Okure, 488 U.S. 235, 249-50 (1989), which is two years in Texas.  See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001), cert. denied, 122 S. Ct. 53 (2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 1999).

The district court did not abuse its discretion in concluding that Williams' complaint was not filed within the applicable two-year limitations period.  Because Williams' appeal is without arguable merit, the appeal is DISMISSED as frivolous. 5TH CIR. R. 42.2; see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of the instant appeal as frivolous and the district court's dismissal of his § 1983 complaint as frivolous each count as a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Williams is cautioned that, once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.