IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-41285
Summary Calendar

---

STEVEN RANDOLL BROWN,

                                        Plaintiff-Appellant,

versus

UNKNOWN CARDIOLOGIST; UNIVERSITY OF TEXAS MEDICAL BRANCH;
UNIVERSITY OF TEXAS MEDICAL BRANCH, GALVESTON; REGINALD
STANLEY, M.D.; HELEN PEEK, Staff Nurse; ANNETTE THOMPSON,
Food Service Manager; MYRON FARRAR, Food Service Manager,

                                        Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-24

---

July 24, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Steven Brown, Texas prisoner no. 731528, appeals the district court's dismissal on the defendants' motion for summary judgment of his claims brought under 42 U.S.C. § 1983 alleging that various medical and non-medical defendants violated his Eighth Amendment rights by showing deliberate indifference to his medical needs. Brown complains of medical treatment, work requirements, and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

diet, prior to and after he suffered a heart attack in 1998. The district court dismissed the claims on grounds that the claims were time-barred and lacked merit and that the defendants were entitled to immunity.

We review a grant of summary judgment *de novo*, applying the same standard as the district court.[1] Brown filed suit on January 24, 2000. His claims arising before January 24, 1998, are time-barred under the two-year Texas statute of limitations applicable to this action under 42 U.S.C. § 1983.[2] We also pretermit any analysis of Eleventh Amendment or qualified immunity because the record contains no evidence showing deliberate indifference to Brown's medical needs, which is required to create a genuine issue of material fact as to whether Brown has alleged a violation of a clearly established constitutional right under the Eighth Amendment.[3]

The summary judgment record establishes that Brown received competent medical care prior to and following his heart attack. Brown's disagreements regarding his medical treatment are insufficient to establish a constitutional claim.[4] Even a triable

---

[1] *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 257 (5th Cir. 2001).

[2] *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[3] *See Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001).

[4] *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).

issue of negligence would not preclude summary judgment dismissing his Eighth Amendment claims.[5] In addition, Brown fails to shows that any delay in medical treatment he may have received caused his heart attack or resulted in any other substantial harm.[6]

Brown's deliberate indifference claims against the non-medical defendants alleging that they refused his requests for work restrictions, denied him a therapeutic diet, and allegedly disregarded his injured wrist and burned fingers likewise cannot survive summary judgment. Brown has provided no summary judgment evidence that, *inter alia*, the non-medical defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm to Johnson existed or, even if they were, that they drew such an inference.[7]

For the foregoing reasons, the judgment of the district court is AFFIRMED. Accordingly, Barron's motions for discovery of the identity of the "unknown cardiologist" and appointment of counsel are DENIED.

---

[5] *See id.*

[6] *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

[7] *See Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).