IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20942
Summary Calendar
_____

CHARLES B. WILLIAMS,

Plaintiff-Appellant,

versus

M. LOPEZ,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-3477
--------------------
September 30, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Prisoner Charles B. Williams appeals the district court's dismissal of his *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint as barred by the statute of limitations. A district court may dismiss a civil rights complaint *sua sponte* under 18 U.S.C. § 1915 when the complaint demonstrates that the claims asserted are barred by the applicable statute of limitations.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

This litigation is governed by the Texas personal injury limitations period, which is two years, and federal law determines when the cause of action accrued.[2]

Williams' cause of action accrued, at the latest, in June 1997, when he knew or had reason to know of the injury which forms the basis of his complaint.[3] Since Williams did not file his complaint within two years of June 1997, the district court did not abuse its discretion in dismissing Williams' complaint as barred by the statute of limitations.[4]

For purposes of the "three-strikes" provision of 28 U.S.C. § 1915(g), Williams had one strike prior to this proceeding. The district court's dismissal of Williams' complaint counts as an additional strike, and this dismissal counts as a third strike.[5] Accordingly, Williams is warned that he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.[6]

---

[2] *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

[3] *See Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

[4] *See Moore*, 30 F.3d at 620 (5th Cir. 1994).

[5] *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

[6] *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.  *See* 5th Cir. R.42.2.