IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10330
Summary Calendar
_____

STUART JEFFREY HARRIS,

Plaintiff-Appellant,

versus

STATE OF TEXAS; DALLAS COUNTY; L. L. BEATTIE, Dallas Police
#5504; JOHN VANCE, District Attorney, Dallas County; R.
GALVIN, Dallas Sheriff's Department; BERRY, Dallas Police
Department; ALF GUNN, Federal Bureau Investigation; JEFF
SHAW, Dallas County District Attorney Office; DEBORAH
MARLOWE, Dallas County District Attorney Office; JIM BOWLES,
Dallas County Sheriff; JIM PEOPLES, Dallas County Sheriff
Department, #200; RICK PERRY, Governor, Texas; HENRY
CUELLAR, Secretary of State, Texas; SYLVIA GALINDO,
Extradition Coordinator, Austin, Texas; JOHN DOE, District
Attorney, Dallas County; MARIE BRINER, Assistant District
Attorney, Dallas County; WILL E. PHILLIPS, Court Appointed
Attorney, Texas,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1591-G
--------------------
October 22, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Stuart Jeffrey Harris appeals the district court's dismissal

of his 42 U.S.C. § 1983 complaint against defendants L. L. Beattie,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

R. Galvin and Alf Gunn as time-barred. Federal courts apply the forum state's personal-injury statute of limitations to § 1983 actions. Owens v. Okure, 488 U.S. 235, 250 (1989). The applicable Texas period limitations period is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2001). This period begins to run when "plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury...." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

The actions taken by Beattie and Galvin took place in 1993, while Gunn's conduct took place in 1996. Harris does not allege that as of June 24, 1996, the date on which the State of Washington dismissed the fugitive charge against him, he did not know of the injury that is the basis of these claims, or that if not tolled, the limitations period did not begin to run as of June 24, 1996. Accordingly, because the claims against these defendants are over two years old they are time-barred by the statute of limitations.

Harris also argues that the district court erred in dismissing his complaint against defendant Will E. Phillips, his court-appointed counsel, as frivolous pursuant to 28 U.S.C. § 1915. We review § 1915 dismissals for abuse of discretion. Black v. Warren, 134 F>3d 732, 734 (5th Cir. 1998).

Here the district court did not abuse its discretion. Harris's § 1983 claim against Phillips lacks "an arguable basis in law" because Phillips was not acting under color of state law for purposes of § 1983 liability. See Polk County v. Dodson, 454 U.S.

312, 325 (1981) (holding that public defender does not act "under color of state law" for § 1983 purposes).

Harris has not provided any argument challenging the district court's dismissal of his other claims against the other defendants. Those issues are deemed abandoned on appeal. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.