IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40338
Conference Calendar
_____

ROBERT GONZALEZ, JR.,

                                        Plaintiff-Appellant,

versus

THOMAS PRASIFKA, Warden,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CV-562
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Gonzalez, Jr., Texas prisoner # 761485, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as barred by the applicable two-year statute of limitations and for failure to exhaust his administrative remedies. He argues that the limitations period should be tolled pursuant to TEXAS REV. CIV. STAT. ANN. art. 5535 because he is in prison. Although Texas law formerly considered imprisonment to be a disability which tolled the running of the statute of limitations, the former

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Article 5535 was repealed effective September 1, 1987, and the two-year limitations period now begins to run when the cause of action accrues. See TEX. CIV PRAC. & REM CODE ANN. § 16.003(a) (West 1999); Moore v. McDonald, 30 F.3d 616, 620-21 (5th Cir. 1994). Therefore, the magistrate judge did not err in dismissing Gonzalez's 42 U.S.C. § 1983 action as barred by the applicable two-year statute of limitations. See Moore, 30 F.3d at 620-21.

Gonzalez argues that the magistrate judge erred in dismissing his action for failure to exhaust his administrative remedies as 42 U.S.C. § 1983 does not require exhaustion. Exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a). Further, a state prisoner's mixed petition for both monetary and injunctive relief is subject to the exhaustion requirement. See Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Therefore, the magistrate judge did not err in dismissing Gonzalez's action on the alternative ground that he failed to exhaust his administrative remedies.

Gonzalez's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. Gonzalez is advised that the dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). Gonzalez is also advised that if he accumulates three strikes under 28 U.S.C. § 1915(g), he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; SANCTION WARNING ISSUED.