United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40665
Summary Calendar

GERALD ALLEN PERRY

Plaintiff - Appellant

v.

GARY L JOHNSON; DAWN GROUNDS, Assistant Warden;
KATHY BROWN, Law Library Supervisor; LONA
HOPKINS, Correctional Officer III; RICHARD
SODERLING; TIA RANGE, Correctional Officer III

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:99-CV-267
--------------------

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

Gerald Allen Perry, Texas inmate # 644896, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights

complaint. Perry alleged in his complaint that various prison

officials had denied him access to the courts in May 1997 by

failing to provide him with legal assistance in litigating his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

federal petition for habeas corpus relief while he was housed in administrative segregation.

One of the bases for the district court's dismissal of Perry's complaint was its untimeliness. Perry alleged that he had been denied access to the courts in May 1997 but his complaint was not filed until October 1999. His complaint was thus untimely. See Owens v. Okure, 488 U.S. 235, 250 (1989); Moore v. McDonald, 30 F.3d 616, 620-21 (5th Cir. 1994); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1999). By failing to argue the issue of timeliness in his appellate brief, Perry has abandoned this issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Perry has not shown that the district court abused its discretion in refusing him leave to amend his complaint. See Briddle v. Scott, 63 F.3d 364, 379 (5th Cir. 1995). Because Perry did not file an additional or amended notice of appeal from the denial of his postjudgment motion, we do not have jurisdiction to entertain Perry's challenge to that denial. FED. R. APP. P. 4(a)(4)(B)(ii); see Taylor v. Johnson, 257 F.3d 470, 475 (5th Cir. 2001).

Perry has moved for the appointment of counsel on appeal. That motion is DENIED and the judgment of the district court is AFFIRMED.