**Richard ISASI, Plaintiff–Appellant,**

v.

**U.S. GOV., Governor, State Police N.J., U.S. Marshalls, N.Y.P.D., Governor, NY, Judge, D.A. Lawyer Defendants–Appellees.**

No. 04–0629–PR.

United States Court of Appeals, Second Circuit.

Oct. 26, 2004.

Richard Isasi, Attica, NY, for Appellant, pro se.

Patrick Dealmeida, Assistant Attorney General of New Jersey, Trenton, New Jersey, (Peter C. Harvey, Attorney General of New Jersey, Angela Foster, Deputy Attorney General of New Jersey, on the brief) for Appellees State of New Jersey, New Jersey Division of State Police and Christine Whitman, of counsel.

Varuni Nelson, Adam P. Schwartz, Assistant United States Attorneys, Eastern District of New York, (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief) for the United States Department of Justice, the United States Marshals Service, John Ashcroft, Attorney General of the United States and Janet Reno, former Attorney General, of counsel.

Present: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant, Richard Isasi, appearing *pro se,* appeals from a judgment entered in the Eastern District of New York (Korman, *J.*) dismissing Isasi's 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e) and Fed. R.Civ.P. 12(b)(6), and denying Isasi's motion for appointment of appellate counsel. *Isasi v. U.S. Gov.,* 03–CV–2912 (ERK), Memorandum and Order (E.D.N.Y. Oct. 31, 2003) ("Memorandum and Order"). Isasi's complaint alleged that Defendants—actual and putative federal and state agencies and officials—violated his Constitutional rights by denying him access to documents relevant to his September 1997 extradition from Mexico to New York and the opportunity to communicate with family, friends and counsel. Familiarity with the facts of this appeal is presumed.

Isasi's June 2003 complaint—arising from events occurring in 1997—was time-barred by every conceivable statute of limitations, including: the two-year limitations period for claims brought against the United States pursuant to the Federal Tort Claims Act, *see* 28 U.S.C. § 2401(b); the three-year limitations period applicable to claims concerning § 1983 actions accru-

ing in New York State, *see Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir.1995); the two-year limitations period applicable to § 1983 actions accruing in New Jersey, *Cito v. Bridgewater Township Police Dep't*, 892 F.2d 23, 25 (3d Cir.1989); and the two-year limitations period applicable to § 1983 actions accruing in Texas. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994). We therefore do not reach the merits of Isasi's complaint.

Isasi raises several issues for the first time on appeal. "Generally, [we] will not consider an issue raised for the first time on appeal." *United States Fire Ins. Co. v. Nat'l Gypsum Co.*, 101 F.3d 813, 817 (2d Cir.1996) (citing *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)). Isasi's new claims do not "present the manifest injustice or the type of purely legal issue that can lead us to disregard the general rule." *Id.* (citing *Greene v. United States*, 13 F.3d 577, 586 (2d Cir.1994)).

Finally, as Isasi's claim lacks merit, the district court denied properly his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3). Memorandum and Order at 4.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.