# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 3, 2011

No. 11-50470
Summary Calendar

**Lyle W. Cayce**
Clerk

EDWARD DESHAN SMITH

Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Correctional Institution;
T. LESTER, Warden; SERGEANT TURNER; SERGEANT DAVIS; OFFICER
KNIGHTEN,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-128

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Edward Deshan Smith appeals the district court's dismissal of his complaint, with prejudice, as time-barred. In his complaint, filed on February 16, 2011, Smith alleged that on May 21, 2004, and on December 22, 2005, while he was incarcerated, prison officials used excessive force against him. The magistrate judge construed Smith's complaint as one alleging a cause

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50470

of action under 42 U.S.C. § 1983, and recommended that it be dismissed for failure to state a claim upon which relief could be granted because Smith's claims are barred by the statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) ("where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) ("Texas' general personal injury limitations period is two years.") (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)). The district court overruled Smith's objections to the magistrate judge's report and accepted the magistrate judge's recommendation to dismiss the complaint with prejudice as time-barred.

In his *pro se* brief, which we construe liberally, Smith seems to contend that a four- or five-year statute of limitations should apply to his claims. Even if we accepted this contention, it would not help Smith, because he filed his complaint more than five years after the complained-of conduct.

The judgment of the district court is AFFIRMED. Smith's motion for appointment of counsel is DENIED.

AFFIRMED; MOTION DENIED.