# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2021

Lyle W. Cayce
Clerk

No. 20-30534
Summary Calendar

Shawndrika Lawrence,

*Plaintiff—Appellant*,

*versus*

Center Properties, L.L.C.; State Farm Fire and Casualty; St. Bernard Parish Government; ReMax Real Estate Partners; Gerald Miller; Anthony Vo,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:20-CV-247

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Shawndrika Lawrence appeals the district court's dismissal of her lawsuit arising out of an allegedly defective apartment she

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

leased in 2014. Because Lawrence filed this lawsuit after the limitations periods had lapsed on each of her claims, we affirm.

I.

This case involves a housing dispute. In November 2014, Lawrence moved into an apartment in Chalmette, Louisiana, owned by Defendant-Appellee Center Properties, L.L.C. Lawrence used a St. Bernard Parish Housing Choice Voucher and a Housing and Urban Development ("HUD") contract to lease the property. Gerald Miller, an employee of Defendant-Appellee ReMax Real Estate Partners, acted as the leasing agent and property manager. The property initially passed inspection from a St. Bernard Parish inspector.

After moving into the property, Lawrence discovered mold, water damage, and a faulty shower, so she asked Miller to take action to abate the issues. Lawrence alleges that Miller took no action to repair the property. At Lawrence's request, a St. Bernard Parish employee re-inspected the property and discovered abundant black mold. Lawrence alleges that she sent a sample of the mold to "a mold testing company," which concluded that the mold could her harmful to her respiratory health. Despite two failed inspections and Lawrence's repeated request for repair, ReMax took no action to abate the mold.

In April 2015, Lawrence was served with a notice of eviction for failure to pay rent. ROA.456. The notice stated that Lawrence owed $2,112 in late rent, and that she had five days to either make the payment or vacate the unit. In May 2015, ReMax obtained a court order evicting Lawrence.

On April 13, 2016, Lawrence, with counsel from Southeast Louisiana Legal Services, "filed a petition for damages and Attorney fees in the 34th District Court of Louisiana against Center Properties." Lawrence avers that her attorney did not diligently represent her and "allowed Center Properties

to submit false evidence" regarding a signed lease. After Lawrence terminated counsel and proceeded pro se, the case appears to have languished for at least two years as Lawrence sought unsuccessfully to remove the case to federal court and add several federal claims. Lawrence then voluntarily dismissed the complaint on January 14, 2020, stating that her prior counsel had not sued "all real parties in interest." Lawrence then brought this case in federal court on January 22, 2020, asserting several claims including breach of warranty of habitability, failure to return her security deposit, unfair trade practices, unjust enrichment, "state-created danger," and violations of the Fair Housing Act and the Civil Rights Act of 1964.

The district court dismissed the complaint. It concluded that each of Lawrence's federal claims are time-barred, and that her state litigation did not toll the statute of limitations under Louisiana law. The district court then declined to exercise supplemental jurisdiction over Lawrence's state law claims. Lawrence timely appealed to this court. However, Lawrence mistakenly omitted all argument from her principal brief. The court is therefore left without operative briefing from Lawrence. However, it is clear that the district court did not err in concluding that Lawrence's federal claims are time-barred, and we therefore affirm.

## II.

Lawrence alleges violations of four federal statutes: (1) the Federal Fair Housing Act ("FHA"), (2) The Americans with Disabilities Act ("ADA"), (3) the Housing and Community Development Act of 1974 ("HCDA"), and (4) the Rehabilitation Act. The FHA contains a two-year statute of limitations which beings to run "after the occurrence or termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). The remaining statutes do not specify any limitations

periods. "When a federal statute does not contain a limitations period . . . the settled practice is to borrow an 'appropriate' statute of limitations from state law." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). Under Louisiana law, personal injury claims are subject to a one-year limitations period. LA. CIV. CODE art 3492 ("Delictual actions are subject to a liberative prescription of one year."); *Id.* cmt. (b) ("The notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence."). The prescriptive period begins from the date injury or damage is sustained. LA. CIV. CODE art 3492. Damage is considered to have been sustained when the plaintiff reasonably should be aware of enough facts to support a cause of action. *See, e.g.*, *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So. 2d 1383, 1386 (La. 1993). A district court may sua sponte dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the face of a complaint that the claims asserted are time-barred. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

The events giving rise to these claims—Lawrence's living in a home with a dangerous defect that the defendants refused to repair—happened in 2014 and 2015. Lawrence moved into the apartment on November 10, 2014, and she was evicted from the apartment on May 20, 2015. Because Lawrence does not allege that any of her claims arise out of events that happened after her eviction, the limitations period on Lawrence's claims began to run, at the latest, on May 20, 2015. Accordingly, the limitations period for Lawrence's FHA claim lapsed on May 20, 2017, and the limitations period for Lawrence's ADA, HCDA, and Rehabilitation Act claims lapsed and May 20, 2016. Lawrence filed this lawsuit on January 22, 2020, well after these deadlines. Further, Lawrence's lawsuit in Louisiana state court, which she voluntarily dismissed, does not toll the limitations period. Under Louisiana law, a plaintiff who voluntarily dismisses a suit loses the advantage of the interruption of prescription, and the interruption is considered never to have

No. 20-30534

occurred. LA. CIV. CODE art 3463 ("Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.").[1]

AFFIRMED.

---

[1] Although Lawrence did not timely submit her principal brief, she primarily argues that the district court erred in considering the defendants' untimely motions to dismiss. However, "district courts have broad discretion under Rule 6(b) to expand filing deadlines." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275–76 (5th Cir. 2015). Further, as here, district courts may sua sponte dismiss time-barred claims. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).