# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2022

Lyle W. Cayce
Clerk

No. 22-40259
Summary Calendar

Demontrous Witcher,

*Plaintiff—Appellant*,

*versus*

LaSalle Corrections; FNU Jones, *Captain*, *LaSalle Corrections*; John Doe, *Security Officer*, *LaSalle Corrections*; John Doe, *Nurse*, *LaSalle Corrections*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:20-CV-186

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:*

Demontrous Witcher, Texas prisoner #02197222, seeks leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. Witcher consented to proceed before a magistrate

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40259

judge, who determined that the claims were time barred and dismissed the case as frivolous and for failure to state a claim upon which relief may be granted. The district court denied Witcher leave to proceed IFP on appeal.

By moving in this court to proceed IFP, Witcher is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In reviewing the district court's decision, our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). A complaint is frivolous where the claims asserted are time-barred. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

Witcher's appeal is without arguable merit and is thus frivolous. *Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is dismissed, and the motion to proceed IFP is denied. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24. The district court's dismissal of Witcher's § 1983 complaint and this court's dismissal of his appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015). Witcher is warned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.