# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2023

Lyle W. Cayce
Clerk

No. 22-51113
Summary Calendar
_____

Natin Paul; World Class Holding Company, L.L.C.;
World Class Holdings Management, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Rani A. Sabban, *Investigator, Texas State Securities Board*, *in his individual capacity*; Preston Joy, *Special Agent, Federal Bureau of Investigation*, *in his individual capacity*,

*Defendants—Appellees*.
_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-954
_____

Before King, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Natin Paul, World Class Holding Company L.L.C., and World Class Holdings Management, L.L.C. ("Appellants") filed this civil-rights action against Rani A. Sabban, an investigator with the Texas State Securities the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51113

Board, Preston Joy, a special agent with the Federal Bureau of Investigation, and 100 unnamed state and federal officers ("Appellees"), alleging violations of the Fourth and Fifth Amendments of the United States Constitution arising from the search and seizure of Appellants' properties on August 17, 2019. Appellants brought these claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. The district court granted Appellees' motions to dismiss on statute-of-limitations grounds. We AFFIRM.

I

In a *Bivens* action, federal courts apply the forum state's limitations period for personal injury claims. *Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). The same is true for a claim under 42 U.S.C. § 1983. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995).

The statute of limitations governing personal injuries under Texas law is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Accordingly, the parties agree that the limitations period for Appellants' claims is two years. *Spotts*, 613 F.3d at 573 (*Bivens* claims); *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (§ 1983 claims).

Here, Appellants claim that government officials allegedly conducted an unlawful warrantless search and seizure on August 17, 2019. Appellants did not file suit until October 21, 2021, however, which is two months after the two-year limitations period.

II

Appellants argue that their claims are nonetheless timely because they did not discover the full extent of their damages until October 21, 2019—precisely two years before the day they filed this lawsuit. As a result, they

contend, the statute of limitations was tolled until that date. But our precedent forecloses tolling the statute of limitations in this case.

"Although the Texas limitations period applies, federal law governs when a § 1983 claim accrues." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). The same goes for *Bivens* claims. *Spotts*, 613 F.3d at 574. "[U]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Moore*, 30 F.3d at 620–21 (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)). "The limitations period begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 510 (5th Cir. 2021) (quoting *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)); *Moore*, 30 F.3d at 621 ("The statute of limitations . . . begins to run when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" (quoting *Gartrell*, 981 F.2d at 257)). Importantly, accrual at that time occurs "even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Paul, an officer of the LLC Appellants, was present and detained while the allegedly unlawful searches and takings were conducted on Appellants' properties. As a result, Appellants "certainly possessed the 'critical facts' concerning the allegedly unreasonable search . . . on the day it occurred." *Moore*, 30 F.3d at 621. Appellants' inability to predict the full extent of damages resulting from the search does not toll the limitations period. *See Wallace*, 549 U.S. at 391; *Piotrowski*, 51 F.3d at 516. Accordingly, the district court did not err in dismissing their claims on statute-of-limitations grounds.

Nor did the district court abuse its discretion in denying Appellants leave to amend their complaint. Appellants' motion for leave to amend lacked any factual detail that would remedy deficiencies in their complaint,

and they did not attach a proposed amended complaint setting forth any facts suggesting amendment would be anything other than futile. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (affirming denial of leave to amend where the plaintiff did not specify how a second amended complaint would differ and did not attach a proposed second amended complaint); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (finding no abuse of discretion in the district court's denial of leave to amend where the plaintiffs failed to file an amended complaint as a matter of right or submit a proposed amended complaint in a request for leave of the court and the plaintiffs failed to alert the court as to the substance of any proposed amendment).

AFFIRMED.